UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT PONDEXTER,

               Plaintiff,

    -against-

MORRAS ORUZIO, PAUL DAVE LEE, and
TEAL'S EXPRESS INC.,

               Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5617 (CBA) (MDG)

**AMON, United States District Judge:**

On October 3, 2014, plaintiff Robert Pondexter filed a summons and complaint in the Supreme Court for the State of New York seeking monetary damages from defendants Carlos Orozco-Morras s/h/a Morras Oruzio ("Orozco-Morras"), Dave Seepaul s/h/a Paul Dave Lee ("Seepaul"), and Teal's Express, Inc. ("Teal's Express" or "Teal's") for personal injuries suffered as a result of an automobile accident.[1] (D.E. # 1-2, ("Compl.").) Defendants removed the case to federal court on September 29, 2015, on the basis of diversity jurisdiction. (D.E. # 1, ("Notice of Removal").) On October 26, 2015, Pondexter filed a motion to remand the case to state court. (D.E. # 4, ("Mot. to Remand").) For the following reasons, the Court concludes that Teal's Express has not been properly joined and that, as a result, complete diversity exists among the parties. The Court therefore denies Pondexter's motion to remand.

## BACKGROUND

When determining subject matter jurisdiction, courts may "look outside the pleadings" to "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." Romano v. Kazacos, 609 F.3d 512, 520 (2d Cir.

---

[1] Defendants state in their notice of removal that Morras Oruzio and Paul Dave Lee's names are actually Carlos Orozco-Morras and Dave Seepaul, respectively. (D.E. # 1 ¶¶ 7–8.)

1

2010) (citing Davenport v. Procter & Gamble Mfg. Co., 241 F.2d 511, 514 (2d Cir. 1957)). The following facts are therefore drawn from the documents attached to the notice of removal and the motion to remand in this case as well as the evidence presented in the parties' supplemental filings.

The instant case arises from a complaint filed in the Supreme Court for the State of New York seeking monetary damages for "personal injuries allegedly suffered by Pondexter as a result of an automobile accident on August 26, 2013." (Notice of Removal ¶ 5.) Pondexter is a resident of New York. (Id. ¶ 1.) Orozco-Morras and Seepaul are residents of New Jersey. (Id. ¶¶ 7–8.) Teal's Express is incorporated in New York. (Id. ¶ 9.) Orozco-Morras works for a company named DT Trucking. DT Trucking was hired by Jake's Cartage to carry out an order of Teal's Express. Seepaul owns DT Trucking.

The complaint in this case alleges that Orozco-Morras was operating the truck involved in this accident and that Seepaul and Teal's Express were Orozco-Morras's employers and the registrant or owner of the truck. (Compl. ¶¶ 6–8.) Although Pondexter filed the summons and complaint in state court on October 3, 2014, (Notice of Removal ¶ 1), defendants were not served until October 15 or October 16, 2014, (id. ¶ 3).

On January 12, 2015, defendants answered the complaint in state court. (D.E. # 1-3.) In their answer, defendants asserted that Teal's Express did not own the truck involved in the accident or employ the operator of the truck at the time of the accident and denied all allegations to the contrary. (Id. at 2, 4.) After attending a number of conferences and submitting discovery requests to Pondexter, (see D.E. # 4-2, ("Pallilo Decl.") ¶¶ 10–13), on August 4, 2015, defendants mailed a letter to Pondexter's counsel asserting that Teal's Express "has no relation to the accident at issue," which included an affidavit by Joseph Teal, Vice President of Teal's Express, making representations to that effect, and a proposed stipulation of dismissal to that effect. (D.E. # 1-4.)

2

Over one month later, on September 17, 2015, defendants mailed another letter to Pondexter's counsel, this time indicating that they planned to remove the case to federal court unless Pondexter was "willing to stipulate that plaintiff is not seeking damages in excess of $75,000." (D.E. # 1-5.) The defendants then filed a notice of removal in this Court on September 29, 2015, seeking to remove on the basis of diversity jurisdiction. (See Notice of Removal.)

In their notice of removal, defendants argued that the Court has diversity jurisdiction over this case because the non-diverse defendant, Teal's Express, is not properly joined. (Id. ¶ 9.) On October 26, 2015, Pondexter filed a motion to remand the case to state court. (Mot. to Remand.) The parties treated the motion to remand as an opposition to defendants' notice of removal. (D.E. # 5.) On February 11, 2016, the Court denied Pondexter's motion to remand without prejudice and directed the parties to conduct limited discovery as to the Court's subject matter jurisdiction. (D.E. dated February 11, 2016.) On August 18, 2016, after the parties completed the limited discovery and submitted renewed motion papers, (see D.E. # 12, 13), the Court directed the parties to file supplemental briefing in support of their respective positions. (D.E. dated August 18, 2016.) The parties subsequently submitted affidavits/declarations in support of their respective motion and opposition papers, in which they both presented facts from evidence uncovered in the course of the limited discovery. (See D.E. # 14 ("Defs. Aff."); D.E. # 15 ("Pl. Aff.").)

## DISCUSSION

Defendants may remove an action to federal district court in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The "right to remove a state court action to federal court

3

on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).

One of the statutory requirements is that the defendants' notice of removal must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [them]." 28 U.S.C. § 1446(a). "When a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" R. G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979). The Court must therefore carefully consider whether defendants' notice of removal has adequately established subject matter jurisdiction.

For the Court to have subject matter jurisdiction on the basis of 28 U.S.C. § 1332, diversity of citizenship jurisdiction, "complete diversity" is required, meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." Pa. Public School Employees' Retirement System v. Morgan Stanley & Co., Inc., 772 F.3d 111, 117–18 (2d Cir. 2014) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)). Diversity jurisdiction also requires that the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332.

### A. Complete Diversity

Pondexter argues that the Court should remand the case because the parties are not completely diverse. Pondexter is a citizen of New York. (Notice of Removal ¶ 6.) Although Orozco-Morras and Seepaul are citizens of New Jersey, Teal's Express, a New York corporation with its principal place of business in Watertown, New York, is a citizen of New York. (Id. ¶¶ 7–

9.) If Teal's Express is properly joined, then the parties are not diverse and remand to the state court would be required. However, "[a] plaintiff may not defeat federal court diversity jurisdiction by improperly joining as a defendant a non-diverse party with no real connection to the controversy." Bounds v. Pine Belt Mental Health Care Res., 593 F.3d 209, 215 (2d Cir. 2010). In fact, courts may "overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004). "In order to show that naming a non-diverse defendant is a fraudulent joinder effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998) (emphasis added). In analyzing fraudulent joinder, the Court is permitted to look beyond the pleadings to resolve the jurisdictional question. Bldg. & Const. Trades Council of Buffalo, N.Y. & Vicinity v. Downtown Dev., Inc., 448 F.3d 138, 150 (2d Cir. 2006).

In their opposition letter, defendants claim that Teal's Express has been fraudulently joined, and that its citizenship can therefore be ignored for purposes of diversity jurisdiction. They argue that Teal's Express hired Jake's Cartage solely as an independent contractor and thus Teal's Express cannot be held liable for the actions of Jake's Cartage or any of its own independent subcontractors. Defendants have presented evidence to support this claim. First, defendants offer affidavits from the Vice President of Teal's Express and from Dave Seepaul, (D.E. # 1-4, ("Teal Aff."); D.E. # 6-1, ("Seepaul Aff.")), in which both state that Teal's Express did not own the truck involved in the accident and that Orozco-Morras was not employed by Teal's Express at the time

of the accident. (Teal Aff. ¶¶ 7–10; Seepaul Aff. ¶¶ 6–8.) Defendants also attach a certificate of title and vehicle registration showing that Seepaul was the owner of the truck involved in the accident. (D.E. # 6-1.) Additionally, along with their affidavit/declaration in support of their opposition, defendants included the transcript of the deposition of Joseph Teal—which was taken during the limited discovery—to support their arguments. Teal stated under oath that Teal's Express does not exercise any control over the manner and method of shipment used by the drivers selected by Jake's Cartage. (See D.E. # 14-1.) He further testified in his deposition that Teal's is not involved in the process of selecting the driver or subcontracted trucking company and that Teal's does not have the authority to stop Jake's Cartage from using any particular trucking companies to carry out Teal's Express's orders. (Id. at 32.)

In response, Pondexter alleges that the defendants are "hiding" a relationship between Orozco-Morras, Seepaul, and Teal's Express. In response to defendants' argument that Teal's did not own, operate, control, or manage any part of the delivery truck or the services rendered on the date of the incident, Pondexter argues that Teal's Express "was still involved with the services being rendered on their behalf." (Pl. Aff. ¶ 27.) In support, Pondexter asserts, *inter alia*, that Teal's "was able [to] track the shipment and see whether it had been delivered" via a computer system that Teal's shared with Jake's Cartage and DT Trucking. (Id. at ¶ 28.) Pondexter also asserts that DT and Orozco-Morras were agents of Teal's due to the utilization of Teal's time keeping system to track Orozco-Morras's hours. (Id. ¶ 41.) Finally, Pondexter asserts that if issues with the delivery arose, including the performance of DT, customers would contact Teal's Express. (Id. ¶ 29.)

The ultimate determination as to whether Teal's is a proper party rests on whether Orozco-Morras and/or DT Trucking were acting as independent contractors or employees/agents

for Teal's at the time of the incident. Under New York law, as a general rule, "a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts." Kleeman v. Rheingold, 81 N.Y.2d 270, 273 (1993). "Control of the method and means by which the work is to be done . . . is the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability." Berger v. Dykstra, 610 N.Y.S.2d 401, 402 (1994).

Having reviewed the evidence presented by both parties, the Court finds that there is no possibility that a trier of fact could find that Teal's exercised operation and control over DT Trucking or Orozco-Morras. Both Teal and Seepaul testified in affidavits that Teal's Express does not own the truck involved in the accident and that the driver was not employed by Teal's Express at the time of the accident. In fact, the certificate of title and vehicle registration presented to the Court shows that Seepaul was the owner of the truck involved in the accident. Teal also testified in his deposition that Teal's Express does not exercise any control over the manner and method of shipment used by the drivers selected by Jake's Cartage, nor is it involved in the process of selecting the driver or subcontracted trucking company. Plaintiffs offer no evidence to dispute these basic facts. Even though, as plaintiff argues, Teal's express was able to track the shipment to determine whether it had been delivered via a computer system that Teal's shared with Jake's and DT, and even though Teal testified that if problems with shipments arose, customers would call Teal, none of this evidence demonstrates that Teal's had any "control" over Jake's or DT's actions concerning the shipment. The evidence indicates that Teal's Express hired Jake's Cartage as a mere independent contractor and Teal's therefore cannot be held liable for any actions of Jake's Cartage or its independently hired agents. The Court thus finds that defendants have met their burden of demonstrating that there is no possibility that a claim can be stated against Teal's

Express, and thus, Teal's Express has been fraudulently joined. As a result, complete diversity exists among the plaintiff and the defendants.

### B. Amount in Controversy

The Court finds that the defendants have made sufficient allegations in their notice of removal that the amount in controversy in the present action exceeds $75,000.00. Indeed, plaintiff fails to dispute the allegation that the amount in controversy exceeds that amount.

## CONCLUSION

For these reasons, the Court holds that Teal's Express has been fraudulently joined and thus complete diversity exists in the present action. The Court also finds that defendants have sufficiently alleged that the amount in controversy exceeds $75,000.00. Plaintiff's motion to remand the action to state court is therefore denied.

SO ORDERED.

Dated: March 20, 2017
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge